# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTOPHER FOSTER,**

    **Plaintiff,**

    v.

**Civil Action 2:19-cv-1576**
**Judge Michael H. Watson**
**Magistrate Judge Jolson**

**O.D.R.C., et al.**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, seeks to initiate this action without prepayment of fees or costs. (Doc. 1). The Prison Litigation Reform Act ("PLRA") prohibits the grant of leave to proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (also known as the "3-Strikes Provision"). As this Court has previously noted, Plaintiff has, on at least 3 occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted. *See Foster v. Perry,* No. 1:18-cv-247, 2018 WL 7572334 (S.D. Ohio May 10, 2018), *Foster v. City of Cincinnati*, No. 1:14-cv-617 (S.D. Ohio June 22, 2015); *Foster v. State of Ohio*, No. 1:14-cv-668 (S.D. Ohio Nov. 3, 2014); *Foster v. Hamilton Cnty.*, No. 1:14-cv-642 (S.D. Ohio Oct. 20, 2014). The 3-Strikes Provision of the PLRA therefore prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under

1

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Otherwise, Plaintiff must pay the entire filing fee at the outset of the case.

Here, while the specific allegations are difficult to make out, Plaintiff alleges that he is "in need of emergency treatment for [his] untreated disabilities of chronic pain, paralysis, skin disease, PTSD, arthritis, and brain damage, etc." and that he is being denied access to a wheelchair. (Doc. 1 at 1–2). He goes on to state that "[t]here is currently no indication that I am paralyzed [sic] because there is no doctor, or handicap sign, no wheelchair in sight, and I am singled out in a glass cell, the only one of its kind, in a prison cell unit of non-disabled prisoners, next to a flight of stairs, that are required to be used to get in, or out of this unit or any unit, or location of this prison." (*Id.* at 2).

"[T]he ongoing denial of medical care can, in some cases, put an inmate in sufficient danger that he satisfies the 'three strikes' provision of the PLRA." *Pointer v. Marc*, No. 2:11-cv-0109, 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011). However, the way in which Plaintiff has presented his claims does not address whether or not he is in imminent danger, and thus it is "somewhat hard to determine if he should be allowed to proceed with this case notwithstanding the prior dismissals." *Id.*

Further, many of the allegations in the complaint do not relate to Plaintiff's access to a wheelchair or denial of related medical care. For example, Plaintiff devotes a significant portion of his complaint to attacking President Trump's "outrageous policy decision making." (*Id*. at 3). Plaintiff also repeatedly complains that he has unfairly been "painted" as a vexatious litigator. (*See, e.g.*, *id*. at 2, 5). "It is a requirement of the PLRA, however, that the alleged danger which might justify allowing the prisoner to proceed despite his three prior 'strikes' must be related to claims in the complaint; that is, 'the prisoner' s complaint seek to redress an imminent danger of

serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.'" *Pointer v. Marc*, 2011 WL 847012, at *2 (quoting *Pettus v. Morgenthau,* 554 F.3d 293, 297 (2d Cir. 2009)). "In other words, the existence of a threat of injury can be used to excuse the payment of the filing fee only for a complaint that relates to the same injury, and not to some separate or unrelated occurrence." *Id.*

Finally, Plaintiff's complaint focuses largely on past events. For instance, Plaintiff alleges that staff members have attacked him over 15 times since February 2017 and that "psychotic outbursts of inmates were toxic, and caused me to try fighting back by throwing fluids, after being treated like an animal for so long[.]" (Doc. 1-2 at 2). While these allegations are serious, "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

At base, Plaintiff has failed to allege particular facts suggesting he was in danger of serious physical harm at the time he filed his complaint in this case. Accordingly, Plaintiff does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For the reasons stated, it is **RECOMMENDED** that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days.

### **Procedure on Objections**

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which

3

objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*. Failure to object to the Report and Recommendation will result in a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: April 30, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE