# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTOPHER FOSTER,**

    **Plaintiff,**

                                    **Civil Action 2:19-cv-1576**
    v.                              **Judge Michael H. Watson**
                                    **Magistrate Judge Jolson**

**O.D.R.C., et al.**

    **Defendants.**

## REPORT AND RECOMMENDATION

On April 30, 2019, the Undersigned issued a Report and Recommendation, finding that the Prison Litigation Reform Act ("PLRA") prohibited Plaintiff from proceeding *in forma pauperis*. (Doc. 2). Specifically, the Undersigned found that because Plaintiff has, on at least three occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted, the "3-Strikes Provision" of the PLRA prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." (*Id*. at 1 (quoting 28 U.S.C. § 1915(g) (also known as the "3-Strikes Provision"))). Because the Court concluded that Plaintiff failed to allege particular facts suggesting he was in danger of serious physical harm at the time he filed his complaint in this case, the Undersigned recommended denying Plaintiff's Motion for Leave to procced *in forma pauperis*. (*Id*. at 3).

On May 13, 2019, Plaintiff objected to the Report and Recommendation, alleging, in part, that he is currently in danger of serious physical harm. (Doc. 3). On May 20, 2019, this Court recommitted this matter to the Undersigned to further evaluate Plaintiff's recent allegations and determine whether Plaintiff meets the exception to the 3 Strikes Rule. (*See* Doc. 5).

1

In his objection, Plaintiff, after discussing the Americans with Disabilities Act and his issues with President Trump's policies, goes on to allege that he is in imminent danger of serious physical harm:

> I am seeking to redress an imminent danger of serious physical injury resulting to what can happen if I am treated like the non-disabled prisoners I am surrounded by; singled out. Everything in my Complaint is related to these issues. Staff members have created a pattern of singling me out and attacking me well over 15 times and are attacking me [everyday I sit unable to get treatment] for both my injuries preexisting these attacks and after these attacks since February 2017; the psychotic outbursts [are] toxic and have not ceased of these inmates, nor do I know if I will have to protect myself from another attack—don't know how, or if the next direct physical attack will occur, but I am [currently] in the disciplinary segregation unit because I refused to be moved to another unit, because all the units are not accessible and on top of this, I have no idea when they will impose a second move on me by order or worse. . . . At any time while I am sitting here, wounded, with no medical aid in sight, they could come use force to move me, because not only do I have to refuse, to protect myself from the dangers that can happen if I consent but, I have the right to refuse such treatment because it can kill me potentially and, I have the right to refuse such inadequate and deadly treatment. That is, transfer without accessibility is a medical treatment risk that, I know, is deadly and I am not willing to take consent such 'decision.' . . . This is an exposure that leaves me in 'an unfavorable risk of future harm . . . Right now, my life is in danger result of a State agency evolving as a class, in the vein of Congressional nullification and Constitutional disregard increased in its method through our President elect's crisis causing and promoting 'policy' by language of open opinion, devoid of facts that in sum, include acceptance of disregarding law. We including, myself, are the people, not the GNP or GDP (Gross-Domestic-National Product) our President, is used to Governing and his willingness to obstruct justice to cover this fact up, has helped increase the danger I face now; his unlawful encouragement is not excluding a nullification of the U.S. Courts and Congress to declare an emergency solely to erupt and divert eyes from the emergency I face in here in a temporarily broken system. I am facing all dangers in the complaint, now, the toxic outbursts are going on 'daily,' the [horrible]' untreated pain,' 'need of medical assistance,' [wheelchair assistance], 'housing, showers, exercise, out-of-cell time, needs of redress, etc., is going on, now.

(Doc. 3 at 5–6 (alterations in original)).

While Plaintiff claims that prison conditions and the risk of transfer have resulted in an ongoing state of imminent danger, a plaintiff seeking to invoke the imminent danger exception must allege particular facts showing immediate or impending serious physical injury in existence

2

at the time he commenced the action. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (holding that, for a plaintiff to meet the imminent danger exception, the threat of serious physical injury "must be real and proximate."). "[T]he allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Vandiver v. Vasbinder*, 416 F. App'x 560, 585 (6th Cir. 2011). *Compare Chappell v. Lewis*, No. 1:16-cv-659, 2016 WL 4194138, at *2 (S.D. Ohio July 15, 2016) (holding that plaintiff's "conclusory" assertions that correctional staff may harm him in the future failed to meet the imminent danger exception because he failed to provide "supporting factual allegations" that would allow the court to draw a reasonable inference that plaintiff was in imminent danger) *with Tucker v. Pentrick*, 483 F. App'x 28, 30 (6th Cir. 2012) (holding that allegations of imminent danger were "far from conclusory" as the plaintiff provided "specific dates on which specific persons made specific [threats]" between the date of the assault by prison staff and the filing of the lawsuit two months later).

Applying that standard here, the Court finds that Plaintiff, in both his Complaint and his subsequent objection, has failed to show that he is in imminent danger of serious physical injury. Indeed, Plaintiff's allegations that he is in such danger are purely speculative. For instance, Plaintiff's conclusory allegations that the prison staff may attack him at any moment are completely unsupported by any evidentiary material and appear to be nothing more than an attempt to repackage his previous claims made in numerous lawsuits before this Court. *See, e.g.*, *Foster v. Perry*, No. 1:18-cv-247, 2018 WL 7572334, at *4 (S.D. Ohio May 10, 2018) (noting that Plaintiff is a "frequent flier in this Court" and holding that his "general or conclusory allegations:" regarding attacks from prison staff failed to meet the imminent danger exception); *Foster v. State of Ohio*, No. 3:15-cv-2256, 2016 WL 53745, at *3 (N.D. Ohio Feb. 11, 2016) (holding that Plaintiff's complaint in that case failed to "elaborate on who is trying to kill him, why they are

3

trying to kill him, or how they are making these attempts" and provided "no information on his need for a handicapped accessible cell," and accordingly, concluded that "[t]here is no indication in the Complaint that he is in imminent danger of serious physical harm.").

Similarly here, Plaintiff has failed to allege particular facts showing immediate or impending serious physical injury. *See Rittner*, 290 F. App'x at 797. Accordingly, the Court is unable to draw a "reasonable inference" that the danger Plaintiff alleges exists. *Vandiver*, 416 F. App'x at 585.

Because Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, the exception to the 3 Strikes Rule does not apply. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days.

## Procedure on Objections

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*. Failure to object to the Report and Recommendation will result in

4

a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:  May 24, 2019                                      /s/ Kimberly A. Jolson
                                                                             KIMBERLY A. JOLSON
                                                                             UNITED STATES MAGISTRATE JUDGE