UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
RICHARD W. NAGEL
CLERK OF COURT

2019 JUN 24 PM 4: 14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Christopher Foster,

    Plaintiff,

v.

Ohio Department of
Rehabilitation & Corrections, *et al.*,

    Defendants.

Case No. 2:19-cv-1576

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson originally recommended denying Plaintiff's motion for leave to proceed without prepayment of fees in this prisoner civil rights case because of the 3-Strikes Provision of 28 U.S.C. §1915. R&R 3, ECF No. 2. The R&R acknowledged that the 3-Strikes Provision does not apply to a prisoner plaintiff who is under imminent danger of serious physical injury. *Id.* at 2–3 (citing 28 U.S.C. § 1915(g)). It concluded, however, that although Plaintiff had alleged in his Complaint a need for emergency treatment, which can, in some circumstances, put an inmate in sufficient danger to permit leave to proceed without prepayment of fees, the allegations in this case did not address whether Plaintiff was in imminent danger. *Id.* at 2. The R&R specifically noted that many of the allegations in Plaintiff's Complaint related to the policy-making decisions of President Trump rather than Plaintiff's alleged lack of access to medical care or a wheelchair. *Id.* Further, the R&R noted that the Complaint largely focused on

past events without indicating imminent danger. *Id.* at 3. Because he failed to allege particular facts showing that he was in imminent danger of serious physical injury, the R&R recommended denying Plaintiff's motion for leave to proceed without prepayment of fees. *Id.*

Plaintiff timely objected pursuant to Federal Rule of Civil Procedure 72(b). Upon de novo review, the Court concluded that, although the objection was difficult to decipher, Plaintiff had asserted in his objection that he was "in ongoing danger," Obj. 1, ECF No. 3, by stating that his lawsuit was an attempt to redress an imminent danger of serious physical injury that would befall Plaintiff if he continued to be treated like a non-disabled prisoner. *Id.* at 4. The Court noted that Plaintiff, in his objection, reiterated his allegation that staff members have attacked him more than fifteen times and "are attacking me . . . .," *id.*, alleged that psychotic outbursts from other inmates have not ceased but rather "are going on 'daily,'" *id.* at 6, and that he did not "know how, or if the next direct physical attack will occur . . . .," *id.* at 4, and alleged that his movement from a segregated cell to another unit amounted to "inadequate and deadly treatment" because no part of the prison is ADA compliant. *Id.* In light of the allegations that Plaintiff continued to be attacked by prison staff and that "psychotic outbursts" from other inmates were ongoing, the Court, in an abundance of caution, recommitted this matter to the Magistrate Judge for further evaluation of whether Plaintiff had adequately alleged that he is in imminent danger of serious physical injury to permit him to

proceed without the prepayment of fees—even though none of the above was included in Plaintiff's Complaint. Op. and Order, ECF No. 5.

On recommittal, Magistrate Judge Jolson issued another R&R, again recommending that Plaintiff be denied leave to proceed without prepayment of fees. R&R, ECF No. 6. The R&R concluded that Plaintiff's allegations of facing imminent danger of serious physical injury were purely speculative, especially the allegations regarding attacks by prison staff. *Id.* at 3.

Plaintiff has once again objected to the R&R, Obj., ECF No. 7, and the Court reviews de novo the portions of the R&R that are properly objected to pursuant to Federal Rule of Civil Procedure 72(b).

First, Plaintiff objects that the 3-strikes rule does not apply to his case because he is suing under the Americans with Disabilities Act. Obj. 1–2, ECF No. 7. The Court overrules this objection. The case Plaintiff cites in support of this argument does not support his position.

Second, Plaintiff argues that he has sufficiently alleged that he is in imminent danger of serious physical injury. Plaintiff now specifically clarifies, however, that he does not allege physical attacks by prison staff as part of this case. *Id.* at 8. Rather, he writes, this case "is a detailed review of customary, pattern-style Title II ADA violations . . . ." *Id.* Still, Plaintiff argues that the denial of a wheelchair amounts to imminent danger of serious physical injury because it "automatically exclude[s]" him from "hygiene, medical care, and virtually all other prison programs, constituting a deadly and unsafe 'exclusion.'" *Id.* at 3 (some

Case No. 2:19-cv-1576

internal quotation marks and citation omitted). To that end, Plaintiff argues that, because he has been denied access to a wheelchair but is in a segregated cell around other inmates who are not wheelchair bound and is in a "non-wheelchair bound facility, that has a stair (flight of stairs) usage requirement to make any transition what-so-ever," he faces imminent danger. *Id.* at 4. Plaintiff reasons that "even a shower, or attempt to go to medical, another unit, etc., could potentially cause me actual physical injury." *Id.* at 4–5 (internal quotation marks and citation omitted). He likens his situation to a case that did not consider the 3-strikes provision. *See Allah v. Goord*, 405 F. Supp. 2d 265 (S.D.N.Y. 2005).

Plaintiff's objections are overruled. First, the cases Plaintiff cites do not stand for the proposition that allegations similar to those he makes here satisfy the "imminent danger of serious physical injury" exception to the 3-strikes rule. *See United States v. Georgia*, 546 U.S. 151, 157–59 (2006) (stating that it is plausible that the plaintiff's allegations regarding refusal to accommodate his disability-related needs constituted exclusion from participation in the prison's services, programs, or activities for purposes of an ADA claim and that his claim for money damages for the same was not barred by sovereign immunity); *Stefan v. Olson*, 497 F. App'x 568, 577 (6th Cir. 2012) (finding that a pretrial detainee's blood-alcohol level and history of withdrawal seizures constituted "an objectively serious medical need possessing the 'sufficiently imminent danger' that is 'actionable under the Eighth Amendment.'").

Second, Plaintiff's Complaint alleges only that he has been denied access to a wheelchair and that the prison is not wheelchair accessible. He does not allege that he faces any particular imminent danger of serious physical injury without his wheelchair, however. Several courts have found similar allegations regarding lack of access to a wheelchair or being housed in a non-ADA-compliant facility insufficient to meet the imminent danger exception to the 3-strikes rule. *See, e.g., Malone v. Illinois Dept. of Corr.*, No. 17-cv-935-SMY, 2017 WL 5999478, at *4 (S.D. Ill. Dec. 4, 2017) (alleged ADA violations insufficient to show imminent danger of serious physical injury); *Johnson v. Morales*, No. CV 311-039, 2011 WL 7097321, at * 5 (S.D. Ga. Dec. 19, 2011) ("Plaintiff's disagreement with Defendant Ajibade over whether his living quarters are ADA compliant is irrelevant; such disagreement concerns the merits of Plaintiff's ADA claim, and his allegations about being unable to adequately maneuver his wheelchair do not establish an imminent danger of harm."), *adopted by* 2012 WL 243319; *Williams v. Birkett*, No. 2:07-CV-12532, 2007 WL 2421329, at *1 (E.D. Mich. Aug. 23, 2007) (allegation that wheelchair-bound prisoner was confined to a cell not equipped with handrails and that prisoner was therefore at risk of falling when using the toilet insufficient to allege imminent risk of serious physical injury); *Miller v. Meadows*, No. 5:05-CV-29, 2005 WL 1983838, at *5 (M.D. Ga. Aug. 11, 2005) (allegations that prisoner was placed in a cell too small for his wheelchair, had inadequate access to toilet and shower

facilities, and had wheelchair taken away were insufficient to allege imminent danger of serious physical injury, but other allegations satisfied the standard).

The Tenth Circuit has held that the failure to provide a wheelchair to one who requires it "could result in a number of serious physical injuries" such that a prisoner satisfied the imminent danger exception. *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008). In that case, however, the plaintiff had alleged that he was completely unable to walk without a wheelchair and that, without his wheelchair, he was forced to crawl and was unable to walk to the shower or lift himself onto his bed. *Id.* In this case, although Plaintiff repeatedly alleges that he was denied a wheelchair, *see* Compl. 2, ECF No. 1-2 ("confiscated my wheelchair," "They have destroyed my wheelchair . . . ."); Obj. 4, ECF No. 7 ("I have no wheelchair in sight . . . ."), he does not allege—in his Complaint or otherwise—that he is unable to walk without one. Nor does Plaintiff specify in his Complaint any imminent danger of serious physical injury that will result from his lack of access to a wheelchair. Rather, he makes an entirely speculative and conclusory statement—in his second set of objections, not his Complaint—that he could potentially be injured when trying to shower, exercise, move to another unit, etc. Plaintiff's Complaint is therefore inapposite to the situation in *Fuller*.

Finally, the Court has reviewed Plaintiff's recent filing, ECF No. 8, and finds that it does not demonstrate a serious physical injury or change the fact that Plaintiff failed to plead that his is in imminent danger of facing a serious physical injury.

Accordingly, the Court finds that although Plaintiff alleged that he has been denied access to a wheelchair and that the prison facility is not ADA compliant, he has failed to allege in his Complaint that the denial puts him in imminent danger of serious physical injury. The Court therefore **ADOPTS** the R&R and **DENIES** Plaintiff's motion for leave to proceed without prepayment of fees.

If Plaintiff wishes to proceed with this case, he must pay the full $400.00 filing fee within **THIRTY DAYS**. Failure to do so will result in this case being dismissed without further notice for failure to prosecute.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT