UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER FOSTER,**

      **Plaintiff,**

                                      **Civil Action 2:19-cv-1576**
   **v.**                                    **Judge Michael H. Watson**
                                        **Magistrate Judge Jolson**

**O.D.R.C., et al.**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 1). For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days.

**I.    BACKGROUND**

On April 24, 2019, Plaintiff filed his Motion for Leave to Proceed In Forma Pauperis (Doc. 1) and Complaint (Doc. 1-2).

    On April 30, 2019, the Undersigned issued [the first] Report and Recommendation, finding that the Prison Litigation Reform Act ("PLRA") prohibited Plaintiff from proceeding *in forma pauperis*. (Doc. 2). Specifically, the Undersigned found that because Plaintiff has, on at least three occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted, the "3-Strikes Provision" of the PLRA prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." (*Id*. at 1 (quoting 28 U.S.C. § 1915(g) (also known as the "3-Strikes Provision"))). Because the Court concluded that Plaintiff failed to allege particular facts suggesting he was in danger of serious physical harm at the time he filed his complaint in this case, the Undersigned recommended denying Plaintiff's Motion for Leave to procced *in forma pauperis*. (*Id*. at 3).
    On May 13, 2019, Plaintiff objected to the [first] Report and Recommendation, alleging, in part, that he is currently in danger of serious physical

> harm. (Doc. 3). On May 20, 2019, this Court recommitted this matter to the Undersigned to further evaluate Plaintiff's recent allegations and determine whether Plaintiff meets the exception to the 3 Strikes Rule. (*See* Doc. 5).

(Doc. 6 at 1).

In the second Report and Recommendation, the Undersigned reviewed Plaintiff's allegations in his Objections and concluded that "Plaintiff, in both his Complaint and his subsequent objection, has failed to show that he is in imminent danger of serious physical injury." (*Id.* at 3). As the Undersigned explained, Plaintiff's allegations were "purely speculative." (*Id.*). "For instance, Plaintiff's conclusory allegations that the prison staff may attack him at any moment are completely unsupported by any evidentiary material and appear to be nothing more than an attempt to repackage his previous claims made in numerous lawsuits before this Court." (*Id.* (citations omitted)). The Undersigned, therefore, recommended "that that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days." (*Id.* at 4).

The Court adopted the Undersigned's second Report and Recommendation, (*see* Doc. 9), and denied Plaintiff's Motion to Alter or Amend Judgment, (*see* Doc. 12). In denying Plaintiff's Motion to Alter or Amend Judgment, the Court gave Plaintiff "one final opportunity" to present the Court with "each and every allegation pertaining to whether he faces an imminent danger of serious physical injury *due to the denial of a wheelchair/being housed in an allegedly non-ADA compliant facility* such that he should be permitted to proceed without prepayment of fees in this case." (*Id.* at 3). The Court granted Plaintiff 30 days in which to file an amended complaint. (*Id.*).

Plaintiff's Amended Complaint (Doc. 13) is now before the Court. Relevant to the 3-Strikes analysis, Plaintiff alleges:

> 1. This case meets the imminent danger exception, because I am wheelchair bound and – completely unable to walk – each day for the past two-in-a-half, years, I have

> been under 24 hour lockdown (everyday), having to hop with one leg to use the toile and sink, which does, daily, cause an aggravated increase in head pain, back pain, chest and other sharp/throbbing pain including but not limited to my genitals and digestion problems;
>
> 2.  This daily agony, is severe, and debilitating treatment;
>
> 3.  I have multiple chronic disabilities, like, left leg paralysis, that require me to have a wheelchair, to "roll around," as a substitute for walking, because I cannot walk[.]

(*Id.* at 1 (errors in original); *see also id.* ("[T]his case was filed on the basis (Doc. 1) of injuries occurring while in the cell, and on top of injuries caused from hopping in the cell on one leg, involuntarily …"); *id.* at 3 ("[T]he balancing hopping ordeal alone, with this severe nerve pain that does not cease – going untreated makes it worse – is magnified each time I hop on my right leg, in which at the end of the night, every – night, is swollen – right heel of foot sometimes feels as though it is going to fall off, calf, etc, right leg, from the muscle, to the nerves and bone, amount to a pain that puts me in the thought of a 'ball park frank, hot dog sizzling or boiling, to the point of exploding into shreds, of meat debris!!!'").  The Undersigned now must determine whether these allegations satisfy the exception to 28 U.S.C. § 1915(g).

## II.  DISCUSSION

The Prison Litigation Reform Act ("PLRA") prohibits the grant of leave to proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (also known as the "3-Strikes Provision").  As this Court has previously noted, Plaintiff has, on at least 3 occasions, brought an action in this Court that was dismissed for failure

3

to state a claim upon which relief can be granted. *See Foster v. Perry,* No. 1:18-cv-247, 2018 WL 7572334 (S.D. Ohio May 10, 2018), *Foster v. City of Cincinnati*, No. 1:14-cv-617 (S.D. Ohio June 22, 2015); *Foster v. State of Ohio*, No. 1:14-cv-668 (S.D. Ohio Nov. 3, 2014); *Foster v. Hamilton Cnty.*, No. 1:14-cv-642 (S.D. Ohio Oct. 20, 2014). The 3-Strikes Provision of the PLRA therefore prohibits Plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." "To be eligible for the exception, the prisoner must plausibly allege such a danger." *Gresham v. Meden*, — F.3d —, 2019 WL 4458807, at *1 (6th Cir. Sept. 18, 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). That "'danger must be fairly traceable to a violation of law alleged in the complaint.'" *Pointer v. Marc*, 2011 WL 847012, at *2 (S.D. Ohio Mar. 8, 2011) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "In other words, the existence of a threat of injury can be used to excuse the payment of the filing fee only for a complaint that relates to the same injury, and not to some separate or unrelated occurrence." *Pointer*, 2011 WL 847012, at *2.

Whether Plaintiff can proceed in forma pauperis here turns on whether he has alleged he is under imminent danger of *serious* physical injury related to the alleged denial of his wheelchair. "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Gresham*, 2019 WL 4458807, at *2; *see also Vandiver*, 727 F.3d at 587 (holding that the prisoner satisfied the exception because he faced impending "amputations and potentially coma or death"); *Ibrahim v. District of Columbia*, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (finding that risks of organ damage, organ failure, and death sufficed); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding risks of "pneumonia, esophageal candidiasis, salmonella, and wasting syndrome, which would cause [the prisoner] to die sooner[,]" sufficed); *Gibbs v. Cross*, 160 F.3d

4

962, 965 (3d Cir. 1998) (holding that risk of "life-threatening … disease" from exposure to asbestos sufficed).

Plaintiff has not satisfied that standard here.  While he alleges that he experiences significant pain as a result of being denied a wheelchair, these allegations do not support the inference that he was or is in imminent danger of experiencing "severe bodily harm," (e.g., amputation) or "death."  *Cf. Gresham*, 2019 WL 4458807, at *2.  "No doubt, one could hypothesize scenarios in which some of [Plaintiff's allegations] could lead to a 'serious physical injury.' But we can't speculate about risks and injuries that [he] could have alleged but did not."  *Id.* (citing *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017)).  Because Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, the exception to the 3-Strikes Provision does not apply.

### III. CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to procced *in forma pauperis* be **DENIED** and that, if he intends to pursue this action, he be directed to pay the full $400.00 filing fee within thirty (30) days.

If the Report and Recommendation is adopted, it is also **RECOMMENDED** that the Clerk be **DIRECTED** to mail a copy of this Report and Recommendation and Plaintiff's Complaints (Docs. 1-2, 13) to the Warden of the Southern Ohio Correctional Facility where Plaintiff is incarcerated.  Although Plaintiff has not satisfied § 1915(g)'s demanding standard, the Warden and his staff may wish to investigate Plaintiff's allegations to ensure that Plaintiff is receiving any medical care to which he is entitled.

## **Procedure on Objections**

If any party objects to this Order and Report and Recommendation, that party may, within fourteen (14) days of the date of this Report file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*. Failure to object to the Report and Recommendation will result in a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  October 8, 2019                            /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE